Judge Owsley
delivered the opinion of the court.
This suit was brought in chancery by Dixon, for the purpose of compelling Sharp to surrender the legal title which he had obtained to the land in contest, through an assignment made by Collins, of a certificate of survey.
The right of Dixon to the land, before the assignment tvas made, is not disputed; but Sharp contests his right to relief upon the ground of his having purchased the land at a sale made by Collins, under a fieri facias, to satisfy a judgment against Dixon.
Sharp is admitted not to have been present at tbe sale, but the land is proven to have been exposed to sale; and upon a bid made by Collins, the sheriff, as he then proclaimed for Sharp, the land was striken off.
The purchase under which Sharp holds the land, having beeu thus made through the agency of the sheriff who sold the land, we are of opinion ought not to be sustained. For as the act subjecting lands to sale for the payment of deht, expressly interdicts the sheriff who sells, from bidding for or buying the land, according to the letter and policy of the *212 act, the sheriff ought not, either for himselç or any othe~ be allowed to be bid for the laud.
.1Jib~ for appellant, iiardin for appellee.
Because, therefore, the purchase through which Sharp holds the land, was made through the sheriff's bid, upon his being reimbursed the purchase money and those sums which he may have expended in obtaining thc grant from the commonwealth, Sharp ought to be compelled to surrender to the appellant the title.
The decree of the court below must consequently be reversed vvith cost, the cause remanded, and such decrees an~ orders there made as may be necessary and proper, co1~ ~istentwith this opinion.